_____

No. 96-1917
_____

Jim E. Huson, husband; Dawn        *
Huson, wife,                       *
                                   *
    Plaintiffs/Appellants,         *
                                   *
    v.                             *    Appeal from the United States
                                   *    District Court for the
General Motors Acceptance          *    Western District of Missouri
Corporation, a New York            *
Corporation,                       *
                                   *
    Defendant/Appellee,            *
                                   *
William McConnell, doing           *
business as Bill's Used Cars       *
through C&H Used Cars,             *
                                   *
    Defendant.                     *

_____

Submitted:  January 13, 1997

Filed:  March 4, 1997
_____

Before BOWMAN and MURPHY, Circuit Judges, and JONES,[1] District Judge.

_____

JONES, District Judge.

    Plaintiffs Jim and Dawn Huson (Husons) brought this action against General Motors Acceptance Corp. (GMAC) alleging violations of federal odometer law, the Magnuson-Moss Warranty Act (MMWA), state warranty law and common law fraud.  Summary judgment was

_____

    The HONORABLE JOHN B. JONES, United States District Judge for the District of South Dakota, sitting by designation.

granted to GMAC and the Husons appeal.  We affirm the well-reasoned opinion of the trial court.[2]

Husons also move to strike the Appellee's Separate Appendix and the Brief of the Appellee because these documents rely on material that was not in the record below.  The Motion to Strike will be granted to the extent these documents rely on material outside the record below.

## FACTS

The dispute centers on a 1986 Buick Electra Park Avenue.  The vehicle was acquired by GMAC through repossession, and was subsequently sold at an auction to a dealer who then sold the vehicle to the Husons on April 8, 1988.  There were no irregularities in the title documents at that time that would have suggested that the odometer statement was not accurate.  When mechanical problems developed more than two years after Husons' purchase of this vehicle, the Husons researched the history of the vehicle and discovered the rollback.

## DISCUSSION

### A.  Federal Odometer and Common Law Fraud Claims.

Husons argue that GMAC had an affirmative duty to perform an investigation to detect if the appearance of the vehicle indicated mileage in excess of the odometer reading.  Husons assert that GMAC's failure to investigate violated the duty imposed by federal odometer statutes.

---

The Honorable James C. England, United States Magistrate Judge for the Western District of Missouri, Southern Division.

GMAC can be liable under the federal odometer statutes, however, only if its violation of § 1988 was done with the "intent to defraud." 15 U.S.C. § 1989(a) (1982) (repealed 1994, current version at 49 U.S.C. § 32710 (1996)); Tusa v. Omaha Auto Auction, Inc., 712 F.2d 1248, 1253 (8th Cir. 1983). Mere negligence in completing the required odometer statements will not lead to liability. See 15 U.S.C. § 1989(a); Tusa, 712 F.2d at 1254. In Tusa, this Court adopted the approach taken by the great majority of courts that "if a person lacks knowledge that an odometer reading is false only because he displays a reckless disregard for the truth, a fact finder can reasonably infer that the violation was committed with an intent to defraud a purchaser." Id. at 1253-54. In Tusa, the auto dealer ignored a "clear and apparent" alteration of a mileage figure on the title and filled in the mileage statement merely by looking at the odometer. Id. at 1254. This Court held that an intent to defraud could be inferred under those circumstances. Id.

In this case, Husons argue that GMAC demonstrated a reckless disregard for the truth because it failed to perform an inspection of the vehicle or the title documents before providing the mileage statement. Husons' argument fails because there is no indication that any discrepancy would have been discovered if such an investigation had been performed. In Tusa, facts that would have put the dealer on notice of a problem with the odometer reading accompanied the failure to investigate. Id. at 1254. Because the Husons offered no evidence that such an investigation would have revealed a potential problem with the odometer reading, the failure to investigate could not have caused any injury to them. Therefore, summary judgment was properly granted to GMAC on both the federal odometer and common law fraud claims.

**B. Magnuson-Moss and State Warranty Claims.**

The trial court granted summary judgment on the MMWA claim because the amount sought was less than $50,000.00 and declined to exercise pendent jurisdiction over the state law breach of warranty claims. The trial court in granting summary judgment on these claims expressly stated that their dismissal in this action was without prejudice to the claims being made in state court. We affirm.

## CONCLUSION

When viewed in a light most favorable to the plaintiffs, there are no facts to support plaintiffs' allegation of an intent to defraud by GMAC. The trial court properly dismissed the federal odometer and common law fraud claims with prejudice. The trial court also properly dismissed the MMWA and state law breach of warranty claims without prejudice to their being refiled in state court. These decisions are affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

4